```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRADFORD ESTEVES,                   :
                                    :
          Plaintiff,                :      CIVIL ACTION
                                    :
     vs.                            :      NO. 08-CV-5473
                                    :
SOUTHEASTERN PENNSYLVANIA           :
TRANSPORTATION AUTHORITY,           :
                                    :
          Defendant.                :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                      **February 16, 2010**

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 10) and responses thereto (Doc. Nos. 11, 12). Plaintiff's Complaint alleges four causes of action based on an alleged assault on a bus: Count I - Negligent, Reckless, Intentional and Outrageous Conduct; Count II - Assault and Battery; Count III - Civil Rights Violations; and Count IV - Civil Conspiracy.

### I. BACKGROUND[1]

On December 16, 2006, Plaintiff boarded a Southeastern Pennsylvania Transportation Authority ("SEPTA") bus at a

---

[1] In analyzing a motion for summary judgment, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

1

designated stop at 49th Street and Parkside Ave. in Philadelphia, Pennsylvania. Once Plaintiff boarded the bus, the female bus operator ordered Plaintiff to get off the bus because the driver claimed that Plaintiff had previously made racial insults to her. The driver then nodded to someone outside of the bus and Plaintiff was attacked and struck numerous times by a man who claimed that he was the bus operator's husband. The assailant left the scene, was later arrested, but charges against the assailant were later dismissed. The assailant was determined to be Cedric Bryant, who was employed by SEPTA as a bus operator. On the date of the assault, December 16, 2006, Bryant was not in his work uniform. The bus driver was identified as Cynthia Thompson. Thompson and Bryant were involved in a romantic relationship and lived together at the time of the assault.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the moving

party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Kaucher v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).

### III. Discussion

**A. State Law Claims**

Summary judgment is granted in favor of Defendant on all state law claims (Counts I, II, and IV). Plaintiff's Complaint contains three state law claims: Negligent, Reckless, Intentional and Outrageous Conduct, Assault and Battery, and Civil Conspiracy. Defendant argues, and Plaintiff admits, that sovereign immunity bars these state law claims. Article I, Section 11 of the Pennsylvania Constitution states that the Commonwealth of Pennsylvania may be sued only, "in such manner, in such court, and in such cases as the Legislature may by law direct." SEPTA is considered to be part of the Commonwealth for purposes of sovereign immunity. Feingold v. SEPTA, 517 A.2d

1270, 1276 (Pa. 1986). Under 42 Pa. C.S.A. Section 8522, the Commonwealth waives sovereign immunity for negligent acts related to: (1) the operation of a motor vehicle; (2) acts of health care employees; (3) the care, custody or control of personal property; (4) a dangerous condition of Commonwealth real estate; (5) a dangerous condition of highways; (6) the care, custody and control of animals; (7) the sale of liquor at Pennsylvania liquor stores; (8) acts of members of the Pennsylvania National Guard; and (9) use of toxoids or vaccines. 42 Pa. C.S.A. Section 8522. None of Plaintiff's state law claims against SEPTA fall under any of the exceptions to sovereign immunity; therefore, summary judgment is granted in favor of Defendant on Counts I, II and IV.

**B. 42 U.S.C. Section 1983 Claim**

In Count III, Plaintiff brings a claim under 42 U.S.C. Section 1983 for violations of his civil rights under the Eighth Amendment to the United States Constitution. Although Plaintiff has attempted to claim a violation of his Fourteenth Amendment Rights in his response to Defendant's Motion for Summary Judgment, the Court will only analyze Plaintiff's claim based on the Eighth Amendment because this is the only constitutional

4

provision cited in his Complaint.[2]

However, even if Plaintiff's Fourteenth Amendment claim was properly before the Court, there appears to be no merit to this argument. Although persons can raise a claim for the use of excessive force under the Fourteenth Amendment due process standard, in this case SEPTA cannot be held liable for the actions of its employees because there is no evidence that there is any SEPTA policy, practice, custom or procedure which contributed to the assault of Plaintiff. See Monell v. New York City Dept. Of Social Services, 436 U.S. 658 (1978). Plaintiff attempts to argue that a lack of training was responsible for the assault on Plaintiff. However, Plaintiff's own evidence undermines this argument. Plaintiff cites several depositions which showed that SEPTA had an appropriate emergency procedure in place and that the bus driver at the time of the incident, Cynthia Thompson, knew what those procedures required and regularly followed them. And in fact, Thompson filed a report regarding her difficulties with a passenger at 49th and Parkside prior to the incident.

Ultimately, it appears that Plaintiff's main complaint is

---

[2] The plain language of Plaintiff's Complaint alleges a violation of the Eighth Amendment and no other constitutional amendments. Although Plaintiff claims that some language can possibly be read to infer a Fourteenth Amendment claim, it is not the Court's job to read a complaint and infer what other potential claims might be viable. It is the job of the attorney to determine, prior to filing the complaint, exactly what claims are best for his client to raise and to clearly state them. This Court is not in the practice of reading in additional potential claims where none exist based on the plain language of the complaint.

the fact that SEPTA's procedure failed to protect him in this particular instance. Although this is truly an unfortunate fact, a single failure of a policy to achieve its desired results is not grounds for employer liability under Section 1983. Plaintiff also appears to argue that SEPTA should have an alternate policy in place. Although, a different policy may have been more effective in protecting Plaintiff, the mere existence of an alternate policy which might be more effective is not by itself grounds for employer liability under Section 1983. Therefore, even under the Fourteenth Amendment, Plaintiff's claim fails.[3]

Plaintiff's Eighth Amendment claim also fails. The Eight Amendment to the United States Constitution protects those persons who have been convicted of a crime against cruel and unusual punishment. Ingraham v. Wright, 430 U.S. 651, 664 - 668 (1997); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003). Since Plaintiff was not in any type of custody at the time the assault occurred, Plaintiff has no viable claim based on the Eighth Amendment. Therefore, summary judgment is granted in favor of Defendant on Count III.

---

[3] Additionally, the Court denies Plaintiff's request for additional discovery regarding Defendant's policies. Plaintiff has had more than adequate time to investigate any policies which Defendant has that might be relevant to Plaintiff's claim. Plaintiff received the full time for discovery and his claim has remained consistent throughout the course of this lawsuit. Additionally, Plaintiff has not even suggested what additional policies might exist which would lead to Defendant's liability. Therefore, the Court will not further delay the resolution of this lawsuit by granting an extension in discovery.

**C. Plaintiff's Motion to Amend the Complaint to add Cynthia Thompson as a Defendant**

In Plaintiff's Response to the Motion for Summary Judgment, he requests that the Court allow him to add Cynthia Thompson, the bus driver at the time of the incident, as a defendant. The statute of limitations for Plaintiff's state law claims is two years. 42 Pa. C.S.A. Section 5524. Therefore, in order for Plaintiff to add Thompson as a defendant, Plaintiff must meet the requirements for relation back under Federal Rule of Civil Procedure 15.

Plaintiff alleges that at the time this lawsuit was filed, he was unaware of the identity of the bus driver. Plaintiff also argues that Cynthia Thompson should be added as a defendant because she was aware that the instant action could have been brought against her based on the incident which occurred on December 16, 2006.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires . . . ." Fed. R. Civ. Pro. 15(a); see also CA Public Employees' Retirement System v. Chubb, 394 F.3d 126, 170 (3d Cir. 2004). Plaintiff asks this Court to

invoke the "Relation Back" provision set forth in Rule 15(c) in order to add Thompson as a defendant. Relation back is only allowed if the party to be added: (1) received notice of the action, such that she will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. Pro. 15(c). The Third Circuit has identified two ways in which notice can be imputed to the party to be added: the "shared attorney" method and the "identity of interest" method. <u>Singletary v. Pa. Dept. Of Corrections</u>, 266 F.3d 186, 189 (3d Cir. 2001).

At the time the incident occurred on December 16, 2006, Thompson was employed by SEPTA and working in her capacity as a bus operator. However, when Plaintiff's lawsuit was filed on November 7, 2008, Thompson no longer was employed by SEPTA. Additionally, SEPTA was the only party named as a defendant in Plaintiff's Complaint. No attempt was ever made to identify or name an individual defendant. Plaintiff also never added an unknown party to the complaint as a defendant.

Defendant answered several interrogatories and document production requests on September 10, 2009 which contained several documents which referred to a problem Thompson had on the date and at the location of the incident in this case; however none of them describe any assault on a potential passenger. Then on

October 7, 2009, Plaintiff deposed Thompson. However, Plaintiff only sought to add Thompson as a defendant in their response Defendant's Summary Judgment Motion on December 11, 2009.

The Court denies Plaintiff's request to add Thompson as a defendant. Plaintiff's argument for relation back fails for several reasons. First, Plaintiff made no attempt at any time prior to his response to the motion for summary judgment to identify an individual party. When the suit was filed, the Plaintiff did not add any unknown individual to the Complaint, nor did Plaintiff make any inquires into who the bus driver was at the time of the alleged incident. In situations where a Plaintiff does not know the name of a potential defendant the party will frequently add a "John Doe" to the complaint and make service once the identity of the unknown defendant comes to light. The Third Circuit has acknowledged that in some circumstances this is sufficient for relation back under Rule 15(c). <u>Singletary</u>, 266 F.3d at 190. However, in the present case, the Plaintiff made no attempt to name any additional parties. Therefore, the Plaintiff cannot now claim a case of mistaken identity.

Second, Thompson did not receive notice of the suit within the period provided by Rule 4(m). It appears that the first time Thompson was aware of any lawsuit regarding the December 16, 2006 incident was when her deposition was taken on October 7, 2009

9

which is well after the 120 day period for service under Rule 4(m). Even then, there was no reason for her to think she was or should have been party to the lawsuit.

Additionally, the "shared attorney" method of imputing knowledge has not been met by Plaintiff because counsel for SEPTA at no point in time represented Thompson. The "identity of interest" analysis also fails because Thompson, who is not a managerial employee, does not have a sufficient nexus of interest with her employer so that notice given to the employer can be imputed to her for purposes of Rule 15(c). This is especially true given the fact that her employment was terminated before Plaintiff's suit was filed.

Since Plaintiff has failed to meet any of the requirements for relation back, Plaintiff's request to add Thompson as a defendant must be denied.

## IV. Conclusion

Summary judgment is granted in favor of Defendant on Counts I, II and IV because Plaintiff's claims are barred by sovereign immunity. Summary judgment is granted in favor of Defendant on Count III because Plaintiff failed to establish a policy or procedure which would subject Defendant to liability under Section 1983. Finally, Plaintiff's motion to add Thompson as a defendant is denied because Plaintiff failed to meet the

requirements of Federal Rule of Civil Procedure 15(c).